UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 (7/15 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2765 PSG (SSx) | Date | July 10, 2019 |
|---|---|---|---|
| Title | Star Fabrics Inc. v. Norm Thompson Outfitters, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court DENIES Defendants' motion for more definite statement

    Before the Court is a motion for a more definite statement filed by Defendants Norm Thompson Outfitters, LLC ("NTO") and Bluestem Brands, Inc. ("Bluestem") (collectively, "Defendants"). *See* Dkt. # 16 ("*Mot.*"). Plaintiff Star Fabrics, Inc. ("Plaintiff") opposes the motion, *see* Dkt. # 19 ("*Opp.*"), and Defendants replied, *see* Dkt. # 20 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving papers, the Court **DENIES** the motion.

I.    Background

    A.    Factual Background

    Plaintiff is a textile company that prints its proprietary designs on fabrics. *Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 4. On April 10, 2019, Plaintiff filed a complaint in this Court alleging that Defendants, who are both garment manufacturers, infringed on one of Plaintiff's copyrighted designs entitled "60644" ("Subject Design") by distributing and selling garments that feature a substantially similar design. *See id.* ¶¶ 9, 11–19.

    Defendants now move for a more definite statement, claiming that the complaint "is comprised of vague, insufficient, and false facts such that Defendants are unable to meaningfully prepare a response." *See Mot.* 1:3–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2765 PSG (SSx) | Date | July 10, 2019 |
|---|---|---|---|
| Title | Star Fabrics Inc. v. Norm Thompson Outfitters, LLC, et al. | | |

II.  <u>Legal Standard</u>

    A.    <u>Motion for a More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must specify "the defects complained of and the details desired." *Id.*

A motion for a more definite statement is proper "only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Medrano v. Kern Cty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013). Further, because parties are expected to use discovery, not the pleadings, to obtain more specific information about the claims being asserted, the court must deny the motion if the detail sought by a Rule 12(e) motion is obtainable through discovery. *See C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010).

Whether to grant a Rule 12(e) motion is within the discretion of the district court. *See id.* at 1191. However, "[m]otions for more definite statement are viewed with disfavor and are rarely granted." Schwarzer, et al., Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2019) at 9-130, § 9:351.

    B.    <u>Pleading Standard</u>

A motion for a more definite statement must be considered in light of Rule 8's liberal pleading standards. Under Federal Rule of Civil Procedure 8, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must include "enough facts to state a claim to relief that is plausible on its face," so that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible when the pleaded facts allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," however, are insufficient. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2765 PSG (SSx) | Date | July 10, 2019 |
|---|---|---|---|
| Title | Star Fabrics Inc. v. Norm Thompson Outfitters, LLC, et al. | | |

III. <u>Discussion</u>

To state a claim for copyright infringement, a plaintiff must plead "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); 17 U.S.C. § 501(a). Here, Defendants claim that the complaint (1) does not correctly identify the copyrighted work, (2) does not allege facts sufficient to establish Plaintiff's standing to sue, and (3) fails to identify infringing actions taken by specific Defendants. *See generally Mot.* The Court addresses each argument in turn.

A. <u>The Copyrighted Work</u>

A complaint for copyright infringement must allege "which specific original works are the subject of the copyright claim." *TVB Holdings USA Inc. v. Enom Inc.*, No. SACV 13-624 JLS (DFMx), 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014).

Defendants argue that Plaintiff failed to do so here because the Subject Design is misidentified as "60644" rather than the title registered with the U.S. Copyright Office—"Mustic Style 11/12/07 Desiree #60644." *Mot.* 3:1–4. Defendants further claim that the complaint does not include any other "objective identifiers" of the Subject Design, like the copyright registration number. *Id.* 3:22–24.

Yet Plaintiff's complaint otherwise includes enough information about the Subject Design such that it could be identified by a reasonable search. The complaint asserts that Plaintiff Star Fabrics, Inc. owns a copyrighted design called "60644" and also includes an image of the artwork. *See Compl.* ¶¶ 9, 12. A simple keyword search on the U.S. Copyright Office website using "Star Fabrics" and "60644" produces the "Mustic Style 11/12/07 Desiree # 60644" copyright registration. Moreover, concurrently with the complaint, Plaintiff filed a "Report on the Filing or Determination of an Action or Appeal Regarding a Copyright," which identified the Subject Design by its copyright registration number. *See* Dkt. # 4. All this information, together, is more than sufficient to put Defendants on notice of which copyrighted work they allegedly infringed.

B. <u>Plaintiff's Standing</u>

Defendants argue that the complaint is deficient because it does not establish Plaintiff's standing to bring a copyright infringement suit. A challenge to standing is a more appropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2765 PSG (SSx) | Date | July 10, 2019 |
|---|---|---|---|
| Title | Star Fabrics Inc. v. Norm Thompson Outfitters, LLC, et al. | | |

subject for a motion to dismiss than a motion for a more definite statement. Even so, the Court addresses this argument here because it has the duty to raise the adequacy of a plaintiff's standing sua sponte. *See Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1154–55 (N.D. Cal. 2011).

Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The statute also permits an owner to transfer any of the exclusive rights comprised in a copyright to someone else, whether it be via an assignment (which transfers legal title to the transferee) or an exclusive license (which transfers an exclusive permission to use to the transferee). *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002–03 (9th Cir. 2015). "Any party to whom such a right has been transferred—whether via assignment or an exclusive license—has standing to bring an infringement action based on that right." *Id.* at 1003.

Defendants argue that the complaint does not sufficiently allege Plaintiff's standing because based on "privately provided" information that was not included in the complaint, Plaintiff is merely an assignee. *See Mot.* 3:22–26. Nonetheless, being an assignee does not foreclose the possibility that Plaintiff has standing to bring a copyright infringement suit. And despite Defendants' assertion that the complaint should include "basic information [such] as the original author, the identity of the assignor, or the date of the purported assignment," courts have repeatedly held that at the pleading stage, a plaintiff's "mere allegation of ownership is sufficient" to state a claim and that a detailed pleading concerning how the plaintiff acquired ownership is not necessary. *See Hybrid Promotions, LLC v. Zaslavsky*, No. CV 16-2227 RAO, 2016 WL 10988656, at *8 (C.D. Cal. Oct. 5, 2016) (collecting cases); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1237 (3d ed. 2018) ("Complaints simply alleging present ownership by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant, have been held sufficient under the rules.").

Here, Plaintiff's allegations that it "owns" the Subject Design and that it has been registered with the U.S. Copyright Office are enough to plead ownership and standing. *See Compl.* ¶ 9. Defendants may acquire further information regarding the transfer of the copyright through discovery—not through a motion for a more definite statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2765 PSG (SSx) | Date | July 10, 2019 |
|---|---|---|---|
| Title | Star Fabrics Inc. v. Norm Thompson Outfitters, LLC, et al. | | |

C. Specific Actions of the Defendants

Lastly, Defendants contend that the complaint is "impermissibly vague" because it fails to allege that any Defendant engaged in any specific acts constituting copyright infringement. *See Mot.* 4:9–23. They claim that the complaint "is not particularly helpful to the Court or defendants" because "many defendants will be called upon to answer for conduct in which they have not engaged." *See id.* (quoting *Krisel v. Contempo Homes, Inc.*, No. EDCV 06-507 SGL (SSx), 2006 WL 5668181, at *3 (C.D. Cal. Sept. 27, 2006)). The Court disagrees.

The complaint alleges that both Defendants NTO and Bluestem distributed and sold fabrics and garments featuring a design substantially similar to the Subject Design without Plaintiff's authorization. *Compl.* ¶ 11. It references specific garments by their label (Bluestem's business name "Sahalie"), stock keeping unit number ("SKU"), and registered identification number ("RN"). *Id.* It includes a side-by-side comparison of the Subject Design and the infringing pattern. *Id.* ¶ 12. The complaint further alleges that Defendants had access to the Subject Design through various channels, including Plaintiff's showroom, illegally distributed copies of the design, Plaintiff's strike-offs and samples, and garments in the marketplace. *See id.* ¶14. These allegations are sufficient to identify actionable conduct of each Defendant that precipitated this action.

D. Summary

The Court concludes that the complaint adequately identifies the copyrighted work at issue, pleads Plaintiff's ownership of the copyrighted work, and alleges the specific actions taken by Defendants that infringed on Plaintiff's copyright. At a minimum, the allegations in the complaint are sufficient to put Defendants on notice of the nature of Plaintiff's claim against them. *See Medrano*, 921 F. Supp. 2d at 1013. Defendants' motion for a more definite statement is therefore **DENIED**.

III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for a more definite statement.

**IT IS SO ORDERED.**